IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OLIVER BROWN,

    Plaintiff,

v.                                 CASE NO. 1:22-cv-91-AW-GRJ

FLA. DEP'T CORR., et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Oliver Brown is a prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C § 1983 ("§ 1983"). On April 22, 2022, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP motion"), ECF No. 2, and a complaint, ECF No. 1. Plaintiff alleges deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights, as well as medical negligence, by the various prisons to which he has been assigned during his incarceration. *See* ECF No. 1.

On May 16, 2022, after screening Plaintiff's motion and complaint, this Court issued an Order to Show Cause, directing Plaintiff to show cause why his complaint should not be recommended for dismissal on the basis that Plaintiff failed to disclose his prior litigation history and on the basis

that this action is duplicative of another filed in the Middle District of Florida.
ECF No. 4.  To date, Plaintiff has not responded to that Order.  For the
reasons that follow, the undersigned respectfully **RECOMMENDS** that
Plaintiff's complaint should be **DISMISSED** without prejudice.

## I.  BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections
("FDOC"), currently confined at South Bay Correctional and Rehabilitation
Facility.  ECF No. 1 at 2.  His complaint names ten defendants—the FDOC,
six FDOC correctional institutions where Plaintiff has been confined, and
three companies contracted to provide medical care at the correctional
institutions.[1]  *Id*. at 9–26.  Plaintiff alleges that at some point during his
incarceration, he developed a "crippling malady" in his left foot, right hip,
and spine that was diagnosed as being arthritic in nature.  *Id*. at 9, 10, 14,
17, 18–19.  Though Plaintiff was seen by medical staff and some testing
and treatment occurred, Plaintiff asserts that unnamed staff at each facility
failed to care for his condition and merely stated "there is nothing we can
do."  *Id*.  While not alleged as a cause of action, Plaintiff also contends that

---

[1]  Defendants are named as FDOC, Hardy Correctional Institution ("CI") (likely meaning
Hardee CI), Wakulla CI, Calhoun CI, Santa Rosa CI, Sumter CI, South Bay Correctional
and Rehabilitation Facility, Westford Medical Health Care (likely Wexford), Verizon
Medical Health Care (likely Corizon), and GEO Incorporation/CorrectRUs Health Care
Providers (GEO Group, Inc.).

he faced retaliation from correctional staff for demanding medical treatment and protesting prison conditions and work assignments that aggravated his medical condition.  *Id*. at 12, 14, 16.

## II.  SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915A(a), a federal court must screen a prisoner complaint in a civil action that "seeks redress from a governmental entity or officer or employee" of such an entity.  Section 1915A(b) requires the court to dismiss a prisoner complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that seeks monetary relief from an immune defendant.  Under 28 U.S.C. § 1915(e)(2)(B), the same standard is applied to an *in forma pauperis* proceeding in a civil action, not limited to one against the government.

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), such pleadings nonetheless are required to conform to procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Johnson v. Specialized Loan Servicing, LLC*, No. 21-12327, 2022 WL 320854 (11th Cir. Feb. 3, 2022).  A court does not have "license . . . to rewrite an otherwise deficient [*pro se*] pleading in order to sustain an action."  *GJR*

3

*Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III.  DISCUSSION

### A.  Plaintiff's Strikes and Failure to Disclose Prior Litigation

Under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA"), known as the "three strikes" provision, prisoners who are "frequent filer[s]" are required "to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (*abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007)) (quotations omitted).  The Eleventh Circuit has affirmed that a plaintiff's false representation of his litigation history is grounds for dismissal, without prejudice, for "abuse of the judicial process." *Rivera*, 144 F.3d at 731.  The Circuit Court in *Rivera* remarked that "the district court may not have uttered the words 'frivolous' or 'malicious'" in dismissing on that ground, but that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  *Id*.

Here, Plaintiff represented that to the best of his knowledge he had not had a prior action dismissed on grounds constituting a strike.  ECF No. 1 at 8.  Plaintiff did not use the correct Northern District court-approved *pro*

4

*se* civil rights complaint form for his complaint, but the form he submitted still required disclosure of information regarding previous lawsuits.  *Id*. Specifically, under a heading of "Previous Lawsuits," the form explained that the "three strikes rule" concerns any previous civil action or appeal filed by a prisoner without payment of the filing fee that was "dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  *Id*.  The form required Plaintiff to check "Yes" or "No" regarding whether he "had a case dismissed based on this 'three strikes rule.'"  *Id*.  Plaintiff checked "No."  Under a line to provide more information on any such dismissed cases, Plaintiff indicated "N/A."  *Id*.

According to the PACER case index, Plaintiff previously filed two actions in the Southern District of Florida, both of which were dismissed on grounds that qualify as strikes under 28 U.S.C § 1915.  *See Brown v. Broward County, et al.*, Case No. 0:08-cv-61155-CMA, Order Affirming and Adopting Report and Recommendation, ECF No. 5 (S.D. Fla. Aug. 19, 2008) (adopting report and recommendation that case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted*); and Brown v. The Honorable Fred Berman, et al.*, Case No. 1:97-cv-00898-SMS, Order of Dismissal, ECF No. 5 (S.D. Fla Apr. 30, 1997) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B) for

failure to state a claim upon which relief may be granted); *see also Brown v. The Honorable Fred Berman, et al.*, Case No. 1:97-cv-06346-DLG, Order of Dismissal, ECF No. 4 (S.D. Fla. Apr. 30, 1997) (concluding that an administrative error was made by the clerk that resulted in Plaintiff's amended complaint being filed into a new case, 1:97-cv-00898-SMS; entering order of dismissal in both cases).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011). In *Redmon*, the Eleventh Circuit found that a prisoner's failure to disclose a previous lawsuit constituted abuse of the judicial process. *Id.* at 226. That abuse warranted a sanction of dismissal of the plaintiff's *pro se* § 1983 civil rights action. *Id.* While the plaintiff argued that he "misunderstood" the *pro se* civil rights complaint form, the Circuit Court held that it was within the district court's discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation. *Id.* The Eleventh Circuit observed that the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id.* Consequently, dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative

6

> tactics warrants dismissal." *Attwood v. Singletary,*
> 105 F.3d 610, 613 (11th Cir. 1997). In addition, a
> district court may impose sanctions if a party
> knowingly files a pleading that contains false
> contentions. Fed. R. Civ. P. 11(c). Although *pro se*
> pleadings are held to a less stringent standard than
> pleadings drafted by attorneys, a plaintiff's *pro se*
> status will not excuse mistakes regarding procedural
> rules. *McNeil v. United States,* 508 U.S. 106, 113 [ ]
> (1993).

*Id*. at 225–26; *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir.

2006) (per curiam) (upholding dismissal based on abuse of judicial process

for inmate's failure to disclose prior litigation); *Shelton v. Rohrs,* 406 F.

App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting

that "[e]ven if [Plaintiff prisoner] did not have access to his materials, he

would have known that he filed multiple previous lawsuits."); *Young v.*

*Sec'y, Fla. Dep't of Corr*., 380 F. App'x 939, 941 (11th Cir. 2010) (holding

the district court did not abuse its discretion when it sanctioned the inmate

for failing to disclose the prior cases he had filed).

The litigation history information required on the *pro se* civil rights

form helps the Court determine whether the prisoner is subject to the

PLRA's "three strikes" provision. It also helps the Court manage prisoner

litigation by identifying whether the present lawsuit is related to or impacted

by other cases. "The failure to exercise candor in completing the form,

while acknowledging that the answers are made under penalty of perjury,

impedes the Court in managing its caseload and merits the sanction of dismissal." *Evans v. Johnson*, Case No. 5:17-cv-121-MCR-GRJ, 2017 WL 2374882, \*2 (N.D. Fla. Apr. 27, 2017), *report and recommendation adopted* at 2017 WL 2371821 (May 31, 2017); *see also Johnson v. Crawson*, Case No. 5:08-cv-300-RS-EMT, 2010 WL 1380247, at \*5-6 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, Case No. 3:09-cv-151-LAC-MD, 2009 WL 2432684, at \*6 (N.D. Fla. Aug. 6, 2009) (adopting report and recommendation that stated: "If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's failure to disclose his prior litigation is similar to the above cases, and Plaintiff has not responded to the Court's Order to Show Cause, ECF No. 4.  The appropriate sanction for Plaintiff's abuse of the judicial

process for not providing the Court with true factual statements or responses is dismissal of Plaintiff's case without prejudice.

## B. Duplicate Case

Next, Plaintiff's action is duplicative of an action filed in the Middle District of Florida under case number 8:22-cv-00948-CEH-CPT.  The Court has compared the complaints filed in both actions, and they are identical. *See* ECF No. 1; and ECF No. 1 (8:22-cv-00948, Middle District of Florida). "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021).  Plaintiff's suit constitutes an abuse of the judicial process because it is duplicative, and Plaintiff has not provided any information to show cause why his complaint should not be dismissed for that reason.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, should be **DISMISSED without prejudice**.

**IN CHAMBERS** at Gainesville, Florida this 4th day of July 2022.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

9

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.